UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 08-MJ-2 |
| ) | |
| v. ) | |
| ) | DETENTION ORDER |
| KEN ELLIOT TODD, JR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offenses charged:

    Count 1: Kidnaping, in violation of 18 U.S.C. §§ 2 and 120.

    Count 2: Brandishing a Firearm During and in Relation to Kidnaping, in violation of 18 U.S.C. § 924(c)..

Date of Detention Hearing:     February 13, 2008.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)     Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending

charges. This places a limited burden of production on the defendant, although the burden of persuasion remains with the government. Application of the presumption in favor of detention is appropriate in this case.

(2) Defendant is charged with brutal acts of violence against his former wife and her friend. He traveled from Montana to Washington to allegedly commit these acts. Thus, distance from the alleged victim, per se, does not afford protection.

(3) Defendant has had previous charges of domestic violence, including against the same alleged victim.

(4) Assistant United States Attorney proffered attempts by members of family associated with tribal authorities to get the alleged victim to change her story, thereby raising issues of obstruction.

(5) There appear to be no conditions or combination of conditions other than detention that will reasonably address the risk of danger to other persons or to the community or possible obstruction.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to

01 counsel for the defendant, to the United States Marshal, and to the United
02 States Pretrial Services Officer.
03 DATED this 14th day of February, 2008.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge